UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR B. BRIDGEMAN and LISA M. VERMIGLIO, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case number 4:07cv0282 TCM ) |
| GROUP HEALTH PLAN, INC., | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Pending in this action is a motion by defendant, Group Health Plan, Inc. ("GHP"), to dismiss the complaint and to strike the jury demand [Doc. 7] and a motion by plaintiffs, Arthur B. Bridgeman and Lisa M. Vermiglio, to remand their case to the state court from which it was removed [Doc. 10]. At issue in both motions is whether the Plaintiffs' cause of action is pre-empted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

## Background

The relevant factual allegations are few. Plaintiffs are residents of St. Louis County, Missouri, and are enrolled in a Health Maintenance Organization ("HMO") plan offered by GHP. (Compl. ¶¶ 5, 7-8, 11, 17.) They allege that GHP "routinely impose[s] a co-pay greater than 50% of a single service provided by healthcare providers." (Id. ¶ 14.) They contend that this practice violates 20 Mo. Code Regs. 400-7.100, which prohibits an HMO from "impos[ing] co-payment charges that exceed fifty percent (50%) of the total cost of providing

any single service to its enrollees . . . [or] more than twenty percent (20%) of the total cost of providing all basic health services." (Id. ¶ 14.)

Plaintiffs, on behalf of a class, filed suit in the St. Louis County Circuit Court, seeking damages for this alleged violation under theories of breach of contract (Count I); negligence per se (Count II); and unjust enrichment (Count III). Arguing that the suit was preempted by ERISA, GHP removed the action to federal court. Disagreeing, Plaintiffs move to remand it to state court. GHP moves to dismiss the suit on the grounds that Plaintiffs have not exhausted their administrative remedies, as mandated by ERISA. Attached to the motion to dismiss is a Group Enrollment Agreement between Citigroup, Inc., and GHP. (Def. Ex. 1.) GHP alleges in its motion that Mr. Bridgeman and Ms. Vermiglio's spouse are employees of Citigroup, Inc., and enrollees in the GHP HMO. In the same pleading, GHP moves to strike Plaintiffs' demand for a jury trial.

**Discussion**

Under ERISA, an "employee welfare benefit plan" is, among other things, "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits . . ." 29 U.S.C. § 1002(1) (alteration added). "[T]o provide a uniform regulatory regime over employee benefits plans," **Aetna Health Inc. v. Davila**, 542 U.S. 200, 208 (2004) (alteration added), Congress enacted "a comprehensive statute that sets certain standards and requirements for employee benefits," i.e., ERISA, **Prudential Ins. Co.**

**of Am. v. Nat'l Park Med. Ctr., Inc.**, 413 F.3d 897, 906-07 (8th Cir. 2005). Accord **Hull v. Fallon**, 188 F.3d 939, 942 (8th Cir. 1999). "To this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" **Aetna Health Inc.**, 542 U.S. at 208 (quoting Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981)) (alteration added). "There are two types of preemption under ERISA: 'complete preemption' under ERISA § 502, 29 U.S.C. § 1132, and 'express preemption' under ERISA § 514, 29 U.S.C. § 1144." **Prudential Ins. Co.**, 413 F.3d at 907. "[W]here a claim relate[s] to any employee benefit plan, 29 U.S.C. § 1144(a),[1] such that the claim is preempted by federal law, and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a), such that the exclusive cause of action is under federal law, then the action is subject to removal." **Newmann v. AT&T Commc'ns, Inc.**, 376 F.3d 773, 780 (8th Cir. 2004) (first alteration added) (interim case citations omitted). "Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" **Aetna Health Inc.**, 542 U.S. at 209 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)) (alteration in original).

On the face of it, Plaintiffs' complaint does not arise under ERISA. It alleges only that the two plaintiffs are enrolled in an HMO, owned by the defendant, which charges a higher co-pay than allowed under Missouri law. Under the "well-pleaded complaint rule," GHP may

---

[1] Section 1144(a) provides that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a) (alterations added).

not remove the case to this court regardless of whether GHP has a federal defense to Plaintiffs' claims. See **Id.** at 207. Accord **Estes v. Federal Express Corp.**, 417 F.3d 870, 872-73 (8th Cir. 2005). And, in deciding whether a case was properly removed, the Court may refer to GHP's "notice of removal to determine whether [Plaintiffs], by artful pleading, sought to deny [GHP's] right to a federal forum." **Hull**, 188 F.3d at 942 n.5 (alterations added).

If, however, Plaintiffs' complaint "relates to" an employee benefit plan under § 1144 and seeks to recover benefits due under that plan, their complaint is removable under § 1132. Section 1132(a) provides that "[a] civil action may be brought – (1) by a participant or beneficiary . . . (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . ." 29 U.S.C. § 1132(a) (alterations added). A current employee is an ERISA plan participant. **Eide v. Grey Fox Tech. Servs. Corp.**, 319 F.3d 600, 607 (8th Cir. 2003). The district courts of the United States have jurisdiction to grant the relief sought by a plan participant pursuant to § 1132(a) "without respect to the amount in controversy." 29 U.S.C. § 1132(f).

As noted by GHP, the question whether Plaintiffs' suit was removable under the complete preemption doctrine of § 1132 is different than the question whether the savings clause of § 1144(b)(2)(A)[2] precludes their action from being expressly preempted under

---

[2]Section 1144(b)(2)(A) provides that, "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A) (alteration added). Subparagraph (B), the "deemer clause," prevents the application of a state law relating to insurance to self-funded ERISA plans. **Prudential Ins. Co. of Am.**, 413 F.3d at 908. The "deemer clause" is not at issue

§ 1144(a). See, e.g. **Rush Prudential HMO, Inc. v. Moran**, 536 U.S. 355, 363-64 (2002) (affirming Seventh Circuit case that found suit alleging violation of state law requiring HMOs to provide an independent review of treatment decisions was "completely preempted by ERISA so as to place the case in federal court" but substantive provisions of state law were not so preempted because they fell within the savings clause); **Prudential Ins. Co. of Am.**, 413 F.3d at 914 (concluding that state court action brought against HMO under Arkansas "any willing provider" law was (a) properly removed because it was completely preempted under § 502 and (b) saved from express preemption under § 1144); **Donatelli v. Home Ins. Co.**, 992 F.2d 763, 765 (8th Cir. 1993) (holding that the question whether a Missouri law mandating that suicide while insane be construed as an accidental death for purposes of life insurance policies governed the interpretation of the ERISA policy at issue did "not affect the preemption of state law remedies by § 1132"). The propriety of the removal, however, necessarily involves an analysis of whether the claims at issue "relate to" an employee benefit plan under § 1144.

"'[S]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law "relates to" the plan.'" **Parkman v. Prudential Ins. Co. of Am.**, 439 F.3d 767, 771 (8th Cir. 2006) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n. 21 (1983)) (alteration added). "A law relates to a covered employee benefit plan for purposes of ERISA if it has (1) 'a connection with' or (2) 'reference to such a plan.'" **Id.** (quoting California Div. of Labor Standards Enforcement v. Dillingham

---

in the instant dispute.

Constr., Inc., 519 U.S. 316, 324 (1997)). In **New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.**, 514 U.S. 645 (1995), the Supreme Court concluded that a state law imposing surcharges on hospital rates on patients covered by commercial insurers other than Blue Cross and Blue Shield and on HMOs did not "refer to" an ERISA plan because it was imposed regardless of whether the commercial insurer or HMO membership "was ultimately secured by an ERISA plan, private purchase, or otherwise[.]" **Id.** at 656 (alteration added). Similarly, the Missouri regulation at issue applies to HMOs regardless whether the HMO membership is part of an employee benefit plan or is privately purchased. The question then is whether the regulation has "a connection with" an ERISA plan.

A determination whether a state action has a "connection with" with an ERISA plan is made with reference "'both to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive, as well as to the nature of the effect of the state law on ERISA plans.'" **Parkman**, 439 F.3d at 771 (quoting Wilson v. Zoellner, 114 F.3d 713, 717 (8th Cir. 1997)). In enacting ERISA, Congress intended "to establish the regulation of employee welfare benefit plans 'as exclusively a federal concern,'" **New York State Conference**, 514 U.S. at 656 (quoting Alessi, 451 U.S. at 523), and "'to ensure that plans and plan sponsors would be subject to a uniform body of benefits law,'" **id.** (quoting Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142 (1990)). "'[T]he goal was to minimize the administrative and financial burden of complying with conflicting directives among States . . . requiring the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction.'" **Id.** at 656-57 (quoting Ingersoll-Rand, 498 U.S. at 142) (alterations

added). "The basic thrust of the pre-emption clause, then, was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans." **Id.** at 657. In accordance with these Congressional objectives, the Supreme Court had found that ERISA preempted a state law prohibiting employers from structuring benefit plans in a manner that discriminated on the basis of pregnancy or requiring employers to pay specific benefits; a state law that prohibited plans from requiring reimbursement from a plan beneficiary in the event of recovery from a third party; and a state law that prohibited employee benefit plans from setting workers' compensation payments off against employees' retirement benefits. **Id.** at 657-58 (citing, respectively, Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 97 (1983); FMC Corp. v. Holliday, 498 U.S. 52, 60 (1990); and Alessi, 451 U.S. at 524). The New York surcharges at issue, however, had only "an indirect economic effect on choices made by insurance buyers," and had too tenuous a connection with the covered plans to be preempted. **Id.** at 659, 662.

Nine years later, in **Aetna Health Inc.**, the Supreme Court found that a Texas law imposing a duty on HMOs to "exercise ordinary care when making health care treatment decisions" was completely preempted by ERISA. 542 U.S. at 212. In so holding, the court noted that the state law causes of action were not "entirely independent of the federally regulated contract itself." **Id.** Regardless of whether the state cause of action authorized remedies beyond those authorized by ERISA, the cause of action could have been brought under § 502(a)(1)(B) and not under an independent legal duty. **Id**. at 210, 214-15.

Title 20 Mo. Code Regs. § 400-7.100, promulgated by the Director of Insurance under the authority granted by Mo.Rev.Stat. § 354.485, has a direct economic effect on the HMO

at issue and an affect on Congress' goal of minimizing "the financial burden of complying with conflicting directives among State." **New York State Conference**, 514 U.S. at 656. See **Wilson**, 114 F.3d at 717 (whether state law has economic impact on ERISA plans is factor to consider when determining whether law has connection with such plans). The regulation also affects relations between the primary ERISA entities because it mandates certain payment provisions and may negate the copayment provision in the plan at issue. See **Id.** (considering such factors when determining whether state law has a connection with ERISA plan). Moreover, the applicability and consequence of that regulation can not be determined apart from the terms of the plan itself. It has a "connection with" the plan. Consequently, were the plan at issue to be an employee benefit plan, this action is completely preempted by ERISA and was properly removed to federal court.[3]

The foregoing discussion is relevant only if, as first alleged by GHP in their motion to dismiss, Mr. Bridgeman and Ms. Vermiglio's spouse are employees of Citigroup. It is axiomatic that not every HMO is an employee benefit plan. Although the Court may consider attachments to the notice of removal when deciding the propriety of removal, factual allegations made in a motion to dismiss may not be considered. Accordingly, GHP will be granted fifteen days from the date of this Order to file an amended notice of removal. See **Gaming Corp. of America v. Dorsey & Whitney**, 88 F.3d 536, 540 (8th Cir. 1996). If this amended notice of removal is not filed, Plaintiffs' motion to remand will be granted.

---

[3]As noted by GHP, whether the savings clause applies to the regulation at issue is a question that arises only after the propriety of the removal has been decided.

GHP argues that the action must be dismissed because Plaintiffs have failed to exhaust the administrative remedies outlined in the HMO plan.

"ERISA expressly provides that every employee benefit plan must 'provide adequate notice in writing' of each claim denial, and 'afford a reasonable opportunity . . . for a full and fair review' of each denial." **Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan**, 111 F.3d 67, 68 (8th Cir. 1997) (quoting 29 U.S.C. § 1133) (alteration in original). "Federal courts applying ERISA have uniformly concluded that benefit claimants *must* exhaust the review procedures mandated by 29 U.S.C. § 1133(2) before bringing claims for wrongful denial to court." **Id.** This exhaustion requirement "minimize[s] the number of frivolous ERISA lawsuits; promote[s] the consistent treatment of benefit claims; provide[s] a nonadversarial dispute resolution process; and decrease[s] the cost and time of claims settlement." **Id.** (alterations in original) (interim quotations omitted). "Moreover, when a benefit plan gives the decision-maker discretionary authority to determine claims, claim denials are reviewed for abuse of discretion on the record considered by the plan decision-maker." **Id.** Thus, "through the review process the parties aid the court by 'assembling a fact record that will assist the court if judicial review is necessary[.]" **Wert v. Liberty Life Assurance Co.**, 447 F.3d 1060, 1066 (8th Cir. 2006) (quoting Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770-71 (8th Cir. 2001)). But, "ERISA plan beneficiaries are not required to exhaust their claims if they can demonstrate that exhaustion 'would be wholly futile.'" **Burds v. Union Pacific Corp.**, 223 F.3d 814, 817 n.4 (8th Cir. 2000) (quoting Glover v. St. Louis-San Francisco Ry., 393 U.S. 324, 330 (1969)). "This futility exception is particularly appropriate where the past pattern of a plan administrator, as

well as its position on the merits of a current matter in litigation, reveal that any further administrative review would provide no relief." **Alday v. Raytheon Co.**, 2006 WL 2294819, *4 (D. Ariz. 2006). For instance, in **Livingston v. South Dakota State Medical Holding Co.**, 411 F. Supp.2d 1161, 1165-66 (D.S.D. 2006), a plan beneficiary was not required to exhaust administrative remedies on her claim that she had been improperly denied medical benefits based on an erroneous classification of her work status. The court noted that there was no indication that the position taken by the plan administrator in its denial of benefits, answer to the complaint, and summary judgment pleadings would have changed if the beneficiary had participated in a formal administrative review process. **Id.**

The resolution of the question whether GHP is violating a Missouri regulation by charging too high a co-payment does not depend on the plan administrator's discretion. Thus, the factual record before the administrator will not aid the court in judicial review. On the other hand, there is nothing in the record presently before the Court to indicate that the position of the plan administrator would change it Plaintiffs had pursued an administrative review. Accordingly, GHP's motion to dismiss for failure to exhaust administrative remedies will be denied without prejudice.

GHP further argues that Plaintiffs' jury trial demand must be stricken because there is no right to a jury trial of ERISA claims. GHP is correct. See **Houghton v. SIPCO, Inc.**, 38 F.3d 953, 957 (8th Cir. 1994).

## Conclusion

GHP's argument that ERISA pre-emption permits the removal of Plaintiffs' state court action is premised on GHP's allegation about the employment status of Plaintiffs. If the

allegation is correct, the HMO at issue is an employee benefit plan and Plaintiffs' action was properly removed to federal court. Consequently, their motion to remand should be denied. If the action was properly removed to federal court, Plaintiffs' demand for a jury trial should be stricken. To remand this case and put the parties through unnecessary expense and time for an omission that could be easily remedied is a course not favored by the Court. Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of Group Health Plan, Inc., is **DENIED**. [Doc. 7] The motion of Group Health Plan, Inc., to strike Plaintiffs' jury demand is held in abeyance pending a ruling on their motion to remand.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [Doc. 10] is held in abeyance pending Group Health Plan, Inc.'s amendment of its notice of removal within **fifteen days of the date of this Order** as set forth above. If Group Health Plan, Inc., fails to timely amend its notice of removal, Plaintiffs' motion to remand shall be granted. If Group Health Plan, Inc., files a timely amended notice of removal with proper attachments reflecting the employment status of Plaintiffs as alleged, Plaintiffs' motion to remand shall be denied.

**IT IS FURTHER ORDERED** that should Plaintiffs' motion to remand be denied, Plaintiffs will be granted **fifteen days from the date of the denial** within which to file an amended complaint.

**IT IS FINALLY ORDERED** that the unopposed motion of Group Health Plan, Inc., to file supplemental authority is **GRANTED**. [Doc. 30]

/s/ Thomas C. Mummert, III

                                                                                                                                      THOMAS C. MUMMERT, III  
                                                                                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of May, 2007.