IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA M. VERMIGLIO and<br>THERESA ANDREWS,<br><br>        Plaintiffs,<br><br>vs.<br><br>GROUP HEALTH PLAN, INC.<br><br>        Defendant. | Cause No.: 4:07-cv-00282-TCM |

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AGREEMENT

The Court has received the Settlement Agreement and Release (the "Settlement Agreement"), entered into as of February 11, 2009, between and among Plaintiffs Lisa Vermiglio and Theresa Andrews ("Plaintiffs") and Defendant Group Health Plan, Inc. ("GHP"). On February 27, 2009, this Court issued its Order Granting Preliminary Approval of Class Settlement Agreement, Approving the Form and Manner of Notice, and Setting Final Fairness Hearing ("Preliminary Approval Order"). Upon consideration and review of the proposed settlement (as reflected in the Settlement Agreement, and amended as stated herein), relevant documents, motion papers, and memoranda, and the parties' presentation, the Court hereby orders that its Preliminary Approval Order is made absolute and the Court hereby certifies the Class and Subclass for settlement purposes and approves the Class Settlement Agreement.

The Court further orders as follows:

1. ***Definitions.*** The Court, for purposes of this Order, adopts and incorporates herein by reference all defined terms as set forth in the Settlement Agreement.

2. ***Class Certification.*** For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies that this action may proceed for

settlement purposes as a class action. The Settlement Class and Subclass are certified, for settlement purposes only, as follows:

    a.    The Court certifies under Fed. R. Civ. P. 23(b)(2) a Settlement Class, which is defined as all Missouri and Illinois residents who are or were enrollees of an HMO Policy issued by GHP from January 1, 1996 through the present, who have incurred claims under such policy where the copayment paid by such enrollee for any single claim exceeded fifty percent (50%) of GHP's cost of paying such claim.

    b.    The Court certifies under Fed. R. Civ. P. 23(b)(3) a Settlement Subclass, which is defined as all Class Members who are or were Subscribers enrolled in a GHP HMO Gatekeeper-2000 Policy or GHP HMO Gatekeeper-2001 Policy whereby that Subscriber or his or her Dependent(s) has paid copayments for prescription drugs in the years 2001-2007 whereby the cost of any single copayment on a prescription claim made by that Subscriber or Dependent exceeded fifty percent (50%) of GHP's costs of purchasing that single prescription drug.

This action may proceed for settlement purposes as a class action with respect to any claims for damages, declaratory relief, or injunctive relief premised upon Plaintiffs' allegations that GHP has imposed copayments on enrollees in its HMO health plans that exceed limits on copayments found in 20 CSR 400-7.100 of the Missouri Code of State Regulations and/or in GHP's HMO health plans.

    3.    ***Satisfaction of Rule 23 Requirements.*** The Court finds that certification of a class for settlement purposes is appropriate under Rule 23(a) and 23(e) because the numerosity,

commonality, typicality, and adequacy of representation requirements of Rule 23(a) are satisfied. The Court finds that certification of the Class is appropriate under Rule 23(b)(2) because injunctive relief is appropriate for the Class as a whole. The Court finds that certification of the Subclass is appropriate under Rule 23(b)(3) because common questions predominate over individual issues with respect to the Settlement Subclass.

4. *Class Representatives.* Plaintiffs Lisa Vermiglio and Theresa Andrews are hereby appointed and designated as representatives of the Settlement Class and Subclass.

5. *Class Counsel.* David J. Spencer and Gerald McGonagle of McGonagle Spencer, P.C.; and Ralph K. Phalen, Ralph K. Phalen Attorney at Law are hereby appointed and designated as counsel for the settlement class.

6. *Settlement.* The proposed settlement, as reflected in the Settlement Agreement, is finally approved as fair, reasonable, and adequate, pursuant to Rule 23(e). The Court approves the proposed Settlement, as reflected in the Settlement Agreement, with the following revisions, as agreed to by all parties: The Claims Administrator shall pay 100% of the claim amounts of all eligible Subclass Members that were timely and validly submitted before the claims filing deadline of May 4, 2009, including claims for amounts under $10, without a pro rata reduction. In addition, Class Counsel will provide the Objector Richard Stamer with an incentive fee of $500 and will pay for the reasonable deposition expense which was incurred by the taking of Mr. Stamer's deposition. Further, to the extent that claims payments to Subclass Members plus Class Counsels' attorneys fees (as provided for in paragraph 11 herein) exceed $1 million, GHP and Class Counsel will each fund the Claims Administrator with 50% of the amount by which said payments exceed $1 million.

3

7. ***Notice.*** The Court finds that GHP properly gave Notice to Class and Subclass Members, as required by the Preliminary Approval Order and as set forth in the Settlement Agreement. The Court finds that, under the circumstances, the Notice constitutes the best practical notice of the Settlement hearing, the proposed Settlement, Class Counsel's fees and expenses, and other matters set forth in the Notice; constitutes valid, due, and sufficient notice to all members of the Settlement Class and Subclass; and complies fully with the requirements of Rule 23, the United States Constitution, the due process rights of the members of the Settlement Class, and all other applicable law.

8. ***Objections.*** The Court notes that the single Objection to the Settlement has been withdrawn, and that there are therefore no Class or Subclass Members objecting to the Settlement.

9. ***Binding Effect and Exclusions.*** All persons falling within the Class or Subclass, as defined in the Settlement Agreement, are bound by the Settlement Agreement and the final judgment, except for those Subclass Members who timely submitted a request for exclusion.

10. ***No Admission of Wrongdoing or Liability.*** By entering into the Settlement Agreement, GHP has not admitted to any wrongdoing or liability on its part and denies the same. The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that GHP is liable with respect to any claims asserted by Plaintiffs or that GHP agrees that this action was certifiable as a class action.

11. ***Attorneys' Fees.*** The Court approves attorneys' fees to the designated Class Counsel in the amount of $300,000, to be paid out of the Settlement Fund.

12. ***Final Judgment.*** Based upon the Court's approval of the Settlement Agreement, this lawsuit is dismissed with prejudice and a final judgment will be entered accordingly.

4

SO ORDERED.

By: _____
Judge Thomas C. Mummert, III

Dated: ___5/14/09___